UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVAIL 2 LLC,<br><br>                                              Plaintiff,<br><br>-against-<br><br>DARLENE F. RUSSO, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MORTGAGE LENDERS NETWORK USA, INC., AND PEOPLE OF THE STATE OF NEW YORK,<br><br>                                              Defendants. | Case No.: 2:18-cv-01028-JFB-AYS<br><br>VERIFIED ANSWER<br>WITH COUNTERCLAIMS |

Darlene F. Russo ("Defendant"), by and through her attorneys, Young Law Group, PLLC, hereby sets forth his verified answer with counterclaims, as and for his response to the foreclosure complaint (the "Complaint") of Avail 2 LLC ("Plaintiff"), as follows:

1. Admits to the truth of the allegations contained in paragraphs "1," "5," and "8" of the Complaint—solely to the extent that Defendant is the owner and occupant of the single family residential parcel of real property situated at 31 Peak Street, Lake Ronkonkoma, New York 11779 (the "Property"). Defendant denies the remainder of the allegations set forth in paragraphs "1," "5," and "8" of the Complaint and demands Plaintiff to provide true, accurate, complete, and certified or authenticated documentary evidence thereof.

2. Admits to the truth of the allegations contained in paragraphs "11," "12," "13," "14," and "15" of the Complaint—solely to the extent that on November 22, 2006, Defendant executed only one promissory note payable to Mortgage Lenders Network USA, Inc. ("MLN"), in the original amount of $332,000.00 ("Note"), secured by a mortgage given to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for MLN ("Mortgage")[1]. However, Defendant specifically denies the veracity of all remaining allegations set forth in paragraphs "11," "12," "13," "14," and "15" of the Complaint and denies that the promissory note(s), mortgage

---

[1] The Note and Mortgage are collectively referred to herein as the subject "Loan."

instrument(s), and assignment instrument(s) attached thereto represent true, accurate, and complete copies of the originals. Accordingly, Defendant demands Plaintiff to provide true, accurate, complete, and certified or authenticated documentary evidence to support each allegation asserted therein paragraphs "11," "12," "13," "14," and "15" of the Complaint.

3. Denies having the knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "2," "3," "4," "6," "7," "17," "21," and "25" of the Complaint and demands Plaintiff to provide true, accurate, complete, and certified or authenticated documentary evidence to support each allegation asserted therein.

4. Denies the allegations contained in paragraphs "9" and "10" of the Complaint—to the extent that upon information, belief, and documentary evidence, Plaintiff is a domestic New York limited liability company and, therefore, no diversity subject matter jurisdiction exists.

5. Denies the allegations contained in paragraphs "16," "18," "19," and "20" of the Complaint and Defendant hereby asserts as her affirmative defenses that: (a) Plaintiff lacked both the standing and capacity to commence this action; (b) Plaintiff failed to strictly comply with or satisfy the statutory mandates set forth under articles thirteen hundred three, thirteen hundred four, and thirteen hundred six of the real property actions and proceedings law; and (c) Plaintiff failed to comply with the contractual notice of default condition precedents set forth under paragraph twenty-two of the Mortgage. Accordingly, Defendant demands Plaintiff to provide true, accurate, complete, and certified or authenticated documentary evidence to support each allegation asserted therein paragraphs "16," "18," "19," and "20" of the Complaint.

6. Neither admits nor denies the allegations contained in paragraphs "22," "23," "24," and "WHEREFORE" of the Complaint, to the extent that they are either not allegations of fact or represent questions of law which can only be answered by the Court.

7.     As and for her first counterclaim, Defendant requests an award of attorneys' fees, costs, and disbursements in an amount to be calculated at a later date, pursuant to article two hundred eighty-two of the New York real property law.

8.     As and for her second counterclaim, Defendant alleges Plaintiff violated the United States Code, Title fifteen, Chapter forty-one, Subchapter I, Part B, Section sixteen hundred forty-one, Subsections (g) (1), by failing to give Defendant notice that the subject Loan was sold, assigned, transferred, and/or negotiated one or more times since May 20, 2009 and, therefore, Defendant requests an award of statutory damages in an amount to be calculated at a later date, but in no event in any amount less than four thousand dollars for each violation, pursuant to United States Code, Title fifteen, Chapter forty-one, Subchapter I, Part B, Section sixteen hundred forty, Subsections (a) (2), (A)(iv).

9.     As and for her third counterclaim, Defendant alleges Plaintiff violated the Code of Federal Regulations, Title Twelve, Chapter X, Part one thousand twenty-four, by failing to strictly comply with or satisfy the loan servicing standards imposed on Plaintiff by Federal law and, therefore, Defendant requests an award of damages, costs, and attorneys' fees in an amount to be calculated at a later date, but in no event in any amount less than seven thousand five hundred dollars for each violation, pursuant to United States Code, Title twelve, Chapter twenty-seven, Section two thousand six hundred five, Subsections (f) (1).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, defendant, Darlene F. Russo, demands:

**[i]**   **an Order and/or Judgment**, dismissing the underlying foreclosure complaint;

**[ii]**  **an Order and/or Judgment**, against Plaintiff, pursuant to United States Code, Title fifteen, Chapter forty-one, Subchapter I, Part B, Section sixteen hundred forty-one, Subsections (g) (1), with interest, as reasonable compensation for actual, punitive, consequential, proximate, exemplary, and statutory damages in an amount to be calculated at a later date, but in no event in any amount less than four thousand dollars for each violation, pursuant to United States Code, Title fifteen, Chapter forty-one, Subchapter I, Part B, Section sixteen hundred forty, Subsections (a) (2), (A)(iv);

**[iii]** **an Order and/or Judgment**, against Plaintiff, pursuant to the Code of Federal Regulations, Title Twelve, Chapter X, Part one thousand twenty-four, with interest, as reasonable compensation for actual, punitive, consequential, proximate, exemplary, and statutory damages in an amount to be calculated at a later date, but in no event in any amount less than seven thousand five hundred dollars for each violation, pursuant to United States Code, Title twelve, Chapter twenty-seven, Section two thousand six hundred five, Subsections (f) (1); and

**[iv]**  **an Order and/or Judgment,** for such other and further relief as this Court may deem just, proper, and appropriate, including the award of attorneys' fees, costs, and disbursements, pursuant to article two hundred eighty-two of the New York real property law, in an amount to be calculated at a later date; and

Dated: Bohemia, New York  
April 18, 2018

**YOUNG LAW GROUP, PLLC**

By: _____  
    Ivan E. Young, Esq.

80 Orville Drive, Suite 100  
Bohemia, New York 11716  
[P] (631) 244-1433  
[E] efile@younglawgroup.org

*Attorneys for Defendant,*  
*Darlene F. Russo*

**<u>CERTIFICATE OF SERVICE</u>**

      This is to certify a copy of the foregoing was served upon all counsel of record by means of the Court's electronic filing system, pursuant to Local Rule 5.2, on this 18th day of April, 2018.

_____
IVAN E. YOUNG, ESQ.

## VERIFICATION

STATE OF NEW YORK )

COUNTY OF SUFFOLK ) ss.

I, **DARLENE RUSSO**, being duly sworn, deposes and says:

I am over the age of 18 years old. I am a Defendant in this action. The foregoing VERIFIED ANSWER AND COUNTERCLAIMS is true to my own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

*/s/ Darlene Russo*

- DARLENE RUSSO

SWORN TO BEFORE ME ON

THIS 18 DAY OF April, 2018

_____
NOTARY PUBLIC

JUSTIN F. PANE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PA6220467
Qualified in Suffolk County
My Commission Expires 06-07-2022